UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SIDNEY T. LEWIS et al.,

       Plaintiffs,                       Case No. 2:09-cv-238
                                            JUDGE GREGORY L. FROST
       v.                                         Magistrate Judge Norah McCann King

NORTH AMERICAN
SPECIALTY INS. CO., et al.,

       Defendants.

## OPINION AND ORDER

On March 30, 2009, Plaintiff Sidney T. Lewis and Yvonne D. Lewis filed the captioned case, followed the next day by a motion for an *ex parte* temporary restraining order. (Doc. # 2.) The Magistrate Judge has not yet had the opportunity to address Plaintiffs' motion for leave to proceed *in forma pauperis* and to complete the screening process associated with that motion. (Doc. # 1) Because Plaintiffs seek immediate relief, however, this Court held an April 1, 2009 hearing in advance of the Magistrate Judge's efforts.

At the emergency hearing, Plaintiffs presented oral argument to the Court concerning their request for a temporary restraining order to enjoin a state probate court from proceeding with a hearing scheduled for April 7, 2009. (Doc. # 2, at 2.) Although given the opportunity to do so, Plaintiffs did not present testimony under oath from themselves or any other witness and did not introduce exhibits beyond that submitted to the Court with their initial filings. The Court inquired into the facts underlying Plaintiffs' apparent claims but admittedly met with limited success in eliciting a clear understanding of the facts and the context within which Plaintiffs

1

move for injunctive relief.

Generally speaking, Plaintiffs are apparently asserting a right to property located at 1910 Argyle Drive in Columbus, Ohio, which they assert has wrongly been left to Michael Davis, the son of decedent Dorothy Davis. Plaintiffs state that the April 7, 2009 hearing involves a tax lien on the property for which Sidney T. Lewis is personally responsible. They also assert that they have been declared vexatious litigators in the Franklin County state courts, that there has been fraud in related bankruptcy and probate proceedings, and that there is a conspiracy against them related to federal funding and other property they own. The Court notes that it cannot discern much of what Plaintiffs are arguing because their written and oral representations are at times significantly disjointed and essentially incomprehensible. Based on the oral and written representations made to this Court, however, two conclusions are necessary.

First, assuming for the moment that this Court can address the merits of the injunctive relief request, the Court must conclude that Plaintiffs have failed to demonstrate that they are entitled to an *ex parte* temporary restraining order. The Sixth Circuit Court of Appeals has explained the inquiry involved in addressing either a motion for a temporary restraining order or for a preliminary injunction:

> "When ruling on a motion for [injunctive relief], a district court must consider and balance four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction."

*Chabad of S. Ohio & Congregation Lubavitch v. City of Cincinnati*, 363 F.3d 427, 432 (6th Cir. 2004) (quoting *Blue Cross & Blue Shield Mut. of Ohio v. Columbia/HCA Healthcare Corp.,* 110

F.3d 318, 322 (6th Cir.1997) (citations omitted)). *See also United States v. Edward Rose & Sons*, 384 F.3d 258, 261 (6th Cir. 2004) (quoting *Washington v. Reno*, 35 F.3d 1093, 1099 (6th Cir. 1994)). The court of appeals has further explained that a district court should not consider the foregoing factors as prerequisites to be met; rather, these factors are to be balanced in a weighing of the equities involved. *Edward Rose & Sons*, 384 F.3d at 261. Applying this standard to Plaintiffs' allegations, the Court must conclude that Plaintiffs have failed to demonstrate a strong likelihood of success on the merits of their confusing claims, even giving them the benefit of construing their legal and factual claims broadly. Because this factor alone proves dispositive of the motion for injunctive relief, the Court need not and does not address the remaining factors individually.

Second, this Court must dismiss the captioned case. No matter how confusing the underlying factual representations may be, it is clear that Plaintiffs ask this Court to inject itself into an ongoing state court proceeding. This means that the Court can *sua sponte* abstain from proceeding with this action, which the Court must dismiss pursuant to a long-standing doctrine of abstention. *See O'Neill v. Caughlan*, 511 F.3d 638, 642 (6th Cir. 2008) (agreeing that "abstention may be raised by the court *sua sponte*").

The United States Supreme Court has held that federal court abstention is appropriate where, absent bad faith, harassment, or a patently invalid state statute, a plaintiff invokes federal jurisdiction for the purpose of restraining state criminal proceedings. *Younger v. Harris*, 401 U.S. 37 (1971). In other words, *Younger* "advised federal courts to abstain from deciding a matter that would be properly before them but for the pendency of state criminal proceedings in the matter." *Tesmer v. Granholm*, 333 F.3d 683, 688 (6th Cir. 2003) (citing *Younger*, 401 U.S.

3

at 43-45), *rev'd on other grounds*, *Kowalski v. Tesmer*, 543 U.S. 125 (2004). The *Younger* doctrine, "which applies to an action seeking injunctive relief, applies as well to prohibit an action seeking declaratory relief when a state criminal prosecution is pending." *Id.* (citing *Samuels v. Mackell*, 401 U.S. 66, 73 (1971)). The United States Supreme Court has also held that the doctrine applies to civil matters. *Ohio Civil Rights Commission v. Dayton Christian Schools, Inc.*, 477 U.S. 619 (1986); *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423 (1982).

The Sixth Circuit Court of Appeals has explained that there are "[t]hree requirements . . . for proper invocation of the *Younger* doctrine: (1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges." *Sun Refining & Marketing Co. v. Brennan*, 921 F.2d 635, 639 (6th Cir. 1990) (citing *Middlesex County Ethics Comm'n*, 457 U.S. at 432). The Court finds that each requirement for invocation of the doctrine exists here.

It is beyond question that Plaintiffs' state proceeding falls within the scope of *Younger*. *Cf. BB & T Ins. Servs., Inc. v. Ohio Dep't of Ins.*, No. Civ.A. 2:06-CV-09, 2006 WL 314495, at *3 (S.D. Ohio Feb. 9, 2006) (describing when a proceeding is judicial in nature for purposes of *Younger* abstention). It is also undisputed that the state proceeding was ongoing at the time Plaintiffs filed the captioned federal action, the second prong of the first requirement of *Younger*. *Id.* at *4. Similarly beyond dispute is that the state has important interests in its administration of probate law.

There is also no factual basis in the record before this Court permitting the conclusion

4

that Plaintiffs do not have an adequate opportunity to raise their challenges as part of the ongoing state proceedings. Although Plaintiffs assert that, as declared vexatious litigators, they must undergo a screening process in state court before they can file in the probate case, even this additional hurdle still permits them to raise worthy legal challenges. This is thus not an instance in which " 'state law clearly bars the interposition of constitutional claims.' " *Middlesex County Ethics Comm'n*, 457 U.S. at 432 (quoting *Moore v. Sims*, 442 U.S. 415, 426 (1979)).

The burden is on Plaintiffs to demonstrate that " 'state procedural law barred presentation of [their] claims.' " *Tesmer*, 333 F.3d at 689 (quoting *Armco, Inc. v. United Steelworkers of Am.*, 280 F.3d 669, 692 (6th Cir. 2002)). Here, Plaintiffs have offered no evidence to indicate that they are unable, or that they have actually attempted, to raise their constitutional challenges in the state forum. This point is significant, because " '[w]hen a litigant has not attempted to present [his] federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Wong-Opasi v. Haynes*, 8 F. App'x 340, 343 (6th Cir. 2001) (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987)).

The Court also concludes that Plaintiffs have failed to demonstrate that the exercise of jurisdiction is appropriate by pointing to any requisite "extraordinary circumstance" that would make abstention inappropriate. *See Middlesex County Ethics Comm'n*, 457 U.S. at 435 (identifying extraordinary circumstances as bad faith, harassment, or a patently invalid state statute).

Because *Younger* applies, this Court cannot afford Plaintiffs the injunctive relief they seek even if they had otherwise presented a factual basis for doing so. *See Sun Refining &*

5

*Marketing Co.*, 921 F.2d at 639 ("when a case is properly within the *Younger* category of cases, there is no discretion on the part of the federal court to grant injunctive relief" (citing *Colorado River Water Conservation District v. United State,* 424 U.S. 800, 816 n. 22 (1976))). *Cf. Wong-Opasi*, 8 F. App'x 340 (holding *Younger* abstention appropriate to § 1983 action in which plaintiff sought a temporary restraining order). The fact that the *Younger* doctrine precludes the exercise of jurisdiction in this action also means that the Court should *sua sponte* dismiss the action. *See American Family Prepaid Legal Corp. v. Columbus Bar Assoc.*, 498 F.3d 328 (6th Cir. 2007) (upholding dismissal predicated on *Younger* abstention).

This Court therefore **DENIES** Plaintiffs' motion for an *ex parte* temporary restraining order as moot (and would deny the motion on the merits) and **DISMISSES** the captioned case. (Doc. # 2.) The Clerk shall accordingly terminate this case upon the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

    **IT IS SO ORDERED.**

                                        /s/   Gregory L. Frost
                                        GREGORY L. FROST
                                        UNITED STATES DISTRICT JUDGE